CHRISTOPHER CHIOU
Acting United States Attorney
District of Nevada
Nevada Bar #14853
LISA CARTIER-GIROUX
Lisa.Cartier-Giroux@usdoj.gov
KIMBERLY SOKOLICH
Kimberly.Sokolich@usdoj.gov
Assistant United States Attorney
501 Las Vegas Blvd. South, Suite 1100
Las Vegas, Nevada 89101
(702) 388-6336

Representing the United States of America

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> ALEJANDRO AVALOS, ) <br> ) <br> Defendant. ) <br> ) | Case No. 2:21-cr-00092-JAD-VCF <br><br> **Government's Response to Defendant's Sentencing Memorandum [ECF No. 60]** |

Certification: This response is timely filed.

### I. Introduction

On May 30, 2020, defendant Alejandro Avalos willfully vandalized federal property when he used a metal bar to shatter the windows of a United States courthouse. His violent and destructive actions contributed to the overall damage to the property in an amount exceeding $70,000.00. The government recommends that Avalos is sentenced to 21 months imprisonment, followed by three years of supervised release. The government further recommends that the Court order Avalos to pay restitution in the amount of $71,335.72 jointly and severally with the five separately charged co-defendants. This is consistent with the government's position in the plea agreement (ECF No. 40) and such a sentence is

sufficient but not greater than necessary to achieve the sentencing goals under 18 U.S.C. §3553(a).

## II. Relevant Facts and Procedural Background

On May 30, 2020, a large crowd gathered in front of the Foley Federal Building, located at 333 South Las Vegas Boulevard. PSR at ¶ 11. Several individuals broke apart from the crowd and began to damage the building. *Id.* at ¶12. Windows were shattered, the walls of the building were spray painted with obscenities and anti-law enforcement graffiti, signs were destroyed, and the landscaping was lit on fire. *Id.* Members of the crowd went to the east entrance of the building and tried to break the windows in attempt to make entry. *Id.* An on-duty Federal Protective Service Security Officer, T.W., who was stationed inside, witnessed the damage and attempted break-in. *Id.* at ¶ 13. T.W. stated the crowd outside could see him inside the lobby and they were chanting, "Get him! Get the Cop!" *Id.* T.W. was in fear of the crowd breaking through the windows and the potential actions against his person if the crowd successfully made entry. *Id*.



"Foley Federal Building United States Courthouse" sign with letters torn off and graffiti.



Damage to front of Foley Federal Building

Avalos, who happened upon the crowd while delivering food that evening, decided to join in the destruction and vandalism. *Id.* at ¶ 24. Avalos used a metal bar from his carjack to repeatedly strike the building's windows, causing them to shatter. *Id*. at ¶ 24–25. After damaging the federal courthouse, Avalos and other members of the crowd continued to an EZ Pawn store down the street. *Id*. Avalos used the same metal bar to break into and loot the store. *Id*.

On May 10, 2021, Avalos pleaded guilty to Depredation Against Property of the United States, in violation of 18 U.S.C. §§ 1361 and 2. ECF No. 41.

### III. Sentencing

In conformity with the plea agreement, the government respectfully requests that the Court sentence Avalos to the low end of the Guideline range calculated by the Court, followed by three years of supervised release. If the Court accepts the U.S. Probation Office's current calculation of a Total Offense Level of 10 and a Criminal History Category of V, a sentence at the low end of the resulting Guidelines range is 21 months

imprisonment. PSR at 9 and 34.

    *a) Criminal History Calculation*

    The U.S. Probation Office determined that Avalos has 12 criminal history points, resulting in Criminal History Category V. PSR at ¶ 65. Avalos objects to three convictions used in the calculation, claiming the offenses were either dismissed or no jail time was imposed. PSR at 37. These assertions, however, are unsubstantiated and inconsistent with court records obtained by the United States Office of Probation and Parole. When calculating a defendant's criminal history, "a defendant must prove the invalidity of a prior conviction by a preponderance of the evidence." *United States v. Dominguez*, 316 F.3d 1054, 1056 (9th Cir. 2003) (quoting *United States v. Allen*, 153 F.3d 1037, 1040 (9th Cir. 1995)). As noted in the PSR, court records reviewed by the United States Office of Probation and Parole reflect jail sentences for all three convictions.[1] PSR at 37. Because Avalos has presented no evidence to support his claim that the convictions should not be included in his criminal history calculation, this Court should accept U.S. Probation's criminal history calculation and sentence Avalos as a Criminal History Category V.

    b)   *Term of Imprisonment*

    The government believes a 21-month sentence is sufficient but not greater than necessary, to achieve the sentencing goals of 18 U.S.C. §3553(a). In particular, the requested sentence reflects the seriousness of the offense, as well as the need to promote respect for the law, deter future criminal conduct, and provide just punishment. Avalos was not at the protest. Instead, he chose to join with the group damaging the federal courthouse and bring a metal bar to use to inflict more damage. His willful participation promoted "violence,

---

[1] The government spoke with U.S. Probation on October 28, 2021, who advised they will bring copies of these court records to the sentencing hearing for review.

vandalism, and destruction" and disrespect for this legal institution. *Id*. at ¶154.

Additionally, this is not Avalos' first encounter with the criminal justice system. As noted in the PSR, he has 26 misdemeanor convictions and a felony conviction for Conspiracy to Commit Kidnapping. PSR at ¶ 152. Avalos has been given multiple opportunities to stay out of trouble yet continues to willingly engage in criminal conduct when the opportunity arises. In this very case, Avalos was released from detention under pre-trial supervision, only to be arrested for Battery Domestic Violence nine days later. PSR at ¶ 9.  Avalos has not been deterred by court orders, prior sentences of probation, or even by imprisonment, and his actions are not only violent but show a flagrant disrespect and disregard for the law. Based on his prior conduct and his actions while on release as predictors of his future anticipated conduct, alongside his actions on May 30th, the government submits that a 21-month sentence is sufficient but not greater than necessary to adequately further the goals of sentencing.

*c) Supervised Release*

The government also requests a three-year term of supervision with the recommended standard and special conditions. The government submits that Avalos' chances of rehabilitation and success will be greatly improved—and any likelihood to re-offend will be significantly reduced—if he remains under U.S. Probation supervision for the maximum period allowable.

**IV. Restitution**

The damage to the Foley Federal Building was significant, totaling $71,335.72. ECF No. 40 at 7. Pursuant to the plea agreement, the government recommends that the Court order the full amount of restitution, to be paid jointly and severally with the separately charged co-defendants in: *United States v. Wallace*, 2:20-cr-289-RFB-VCF; *United States v.*

*Kostan*, 2:21-cr-81-APG-DJA; *United States v. Simon*, 2:21-cr-73-JCM-EJY; *United States v. Lewis*, 2:21-cr-44-JAD-DJA; and *United States v. Cherry*, 2:21-CR-247-APG-NJK.

Restitution is payable to:

General Services Administration (GSA)
Attn: Herb Orrell
333 S. Las Vegas Blvd, #5501
Las Vegas, NV 89101

## V. Conclusion

The government respectfully requests that this Honorable Court sentence Avalos to the 21 months imprisonment, followed by three years of supervised release; and that the Court order restitution in the amount of 71,335.72 joint and several with the separately charged co-defendants.

DATED this 2 day of November, 2021.

Respectfully submitted,

CHRISTOPHER CHIOU
Acting United States Attorney

*/s/ Lisa Cartier-Giroux*
LISA CARTIER-GIROUX
Assistant United States Attorney

*/s/ Kimberly Sokolich*
KIMBERLY SOKOLICH
Assistant United States Attorney